[Cite as *Nilsson v. Architron Sys., Inc.*, 2011-Ohio-4987.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JACK NILSSON, et al.

    Appellees

    v.

ARCHITRON SYSTEMS, INC., et al.

    Appellants

C.A. No.      10CA0066-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    08-CIV-0866

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

MOORE, Judge.

{¶1} Appellants, Architron Systems, Inc, et al., appeal from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Appellee, Jack Nilsson, assigned certain patents to Appellants, Architron Systems, Inc., WiFi Plus, Inc., XRF Technologies Group, Inc., Allen Higgins and Byron Del Castillo. Appellants, however, failed to pay Nilsson for the assignment. On May 2, 2008, Nilsson filed suit for rescission of the patent assignment agreement. A jury trial began on November 23, 2009. On November 24, 2009, the parties settled the case and the terms of the settlement were put on the record in open court.

{¶3} Settlement documents were prepared by Nilsson and sent to Appellants. They did not respond. On January 29, 2010, Nilsson filed a motion for status conference due to Appellants' failure or refusal to consummate settlement. The motion requested that the trial

court schedule a status conference and require Appellants to appear and explain their failure to execute the settlement documents. On February 2, 2010, the trial court granted the motion, and the trial court ordered a status conference for March 10, 2010. Appellants failed to appear or offer testimony. The trial court, in accordance with Loc.R. 11, invited Nilsson to submit a proposed journal entry.

{¶4} The proposed entry was submitted on March 11, 2010. Appellants filed objections on March 16, 2010. On March 19, 2010, Nilsson responded to the objections. On May 12, 2010, the trial court issued a judgment entry which found that the settlement documents proposed by Nilsson accurately reflected the settlement agreement that had been placed on the record in open court. Accordingly, the trial court directed the parties to execute the settlement documents no later than May 17, 2010.

{¶5} Appellants refused to sign the settlement documents. On June 4, 2010, Nilsson filed a motion for an order to show cause why sanctions should not issue against Appellants based on their failure to comply with the May 12, 2010 judgment entry. Nilsson requested an order pursuant to Civ.R. 70 appointing an individual to sign the settlement documents on behalf of Appellants. On June 30, 2010, the trial court granted the show cause order and appointed a local attorney to execute the settlement documents on behalf of Appellants. On July 7, 2010, Appellants moved for a stay of the trial court's decision, which was subsequently denied.

{¶6} Nilsson maintains that the settlement documents were executed on July 2, 2010, and that the patent assignments were transferred, rendering this appeal moot. However, there is no evidence in the record to support this contention. Notably, neither the alleged executed settlement documents, nor the patent assignment transfers, were submitted to this Court. On June 11, 2010, Appellants filed a notice of appeal from the May 12, 2010 judgment entry. They

raise two assignments of error for our review. We will address them out of order to facilitate our review.

II.

**ASSIGNMENT OF ERROR II**

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ORDER INTO EFFECT THE SETTLEMENT TERMS, AND ONLY THE SETTLEMENT TERMS, AGREED TO BY THE PARTIES AND PLACED ON THE RECORD IN OPEN COURT ON NOVEMBER 24, 2009."

{¶7} In their second assignment of error, Appellants essentially argue that the trial court erred when it adopted the settlement terms provided by Nilsson. We do not agree.

{¶8} "The approval of a settlement agreement rests in the sound discretion of the trial court." *Duncan v. Hopkins*, 9th Dist. No. 24065, 2008-Ohio-3772, at ¶14. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse-of-discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621.

{¶9} Appellants argue that it was an abuse of discretion for the trial court to adopt the settlement agreement proposed by Nilsson. It is important to note that Appellants failed to prepare and submit their own settlement documents, failed to respond to Nilsson's settlement documents, and failed to appear at the status conference. Instead, after the court issued its order, Appellants filed objections to Nilsson's proposal.

{¶10} In their objections to the proposed judgment entry, Appellants argued that there are terms that differ from the settlement terms placed on the record in open court on November 24, 2009. First, it was their contention that the "Release of Patent Rights by [Appellant]" provision is confusing, undefined, and overly broad. Upon review, we conclude that the

provision is sufficiently clear to demonstrate that, with the exception of the license granted to Appellant, they will have no intellectual property rights in the property developed or created by Nilsson. This provision summarizes the essence of the initial suit prompting the settlement agreement. Accordingly, it was not unreasonable for the trial court to adopt this provision in the judgment entry.

{¶11} Next, Appellants argued that the license was "irrevocable" as opposed to "limited." With regard to the settlement agreement's use of "limited," we cannot conclude that it was an abuse of discretion for the trial court to include this provision in the judgment entry. When read as a whole, the settlement agreement indicates that the license is granted to Appellants for the limited use set forth in the agreement. Accordingly, the inclusion of this term was not an abuse of discretion. *Blakemore*, 5 Ohio St.3d at 219.

{¶12} Whether the trial court should have included the word "irrevocable" is a more difficult question. The record indicates that the oral settlement stated that the license would be irrevocable. The judgment entry, however, is silent as to the term of the license. However, the Ohio Supreme Court has indicated that where there is no limitation as to the term of the license on its face, the license continues until the expiration of the patent. *Dall Motor Parts Co. v. Packard Motor Car Co.* (1931), 124 Ohio St. 363, 368, followed by *Skil Corp. v. Lucerne Prod., Inc.* (1980), 489 F.Supp. 1129, 1164. Accordingly, we conclude that the trial court's failure to include the word "irrevocable" when describing the license was not an abuse of discretion. *Blakemore*, 5 Ohio St.3d at 219.

{¶13} Appellants further argued that they did not agree to Nilsson's inspection rights. The record indicates that the Nilsson "would like samples" for the purposes of evaluating the current design and to ensure that the designs do not go outside of the license. In addition,

Appellants maintain that the limitation that the products "cannot be modified is overreaching." However, the record indicates that the parties agreed that a license was being granted "to make the product as currently designed." Nilsson wanted to ensure that Appellants would not "go outside of that." Upon review of the record, we conclude that trial court did not abuse its discretion in the adoption of these provisions. *Blakemore*, 5 Ohio St.3d at 219.

{¶14} Because Appellant has failed to demonstrate that it was an abuse of discretion for the trial court to adopt Nilsson's proposals for the settlement agreement, Appellants' second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADOPTING, IN ITS JUDGMENT ENTRY OF MAY 12, 2010, THE JUDGMENT ENTRY PROPOSED BY THE PLAINTIFFS WITHOUT CONDUCTING A HEARING ONCE IT BECAME APPARENT THAT THE PARTIES DID NOT AGREE THAT THE PROPOSED JUDGMENT ENTRY ACCURATELY SET FORTH THE SETTLEMENT REACHED BY THE PARTIES AND PLACED ON THE RECORD IN OPEN COURT ON NOVEMBER 24, 2009."

{¶15} In their first assignment of error, Appellants contend that the trial court erred when it adopted Nilsson's proposed judgment entry without conducting a hearing. We do not agree.

{¶16} A trial court's decision to order the enforcement of a disputed settlement agreement without first conducting an evidentiary hearing is reviewed under an abuse-of-discretion standard. *Rulli v. Fan Co.* (1997), 79 Ohio St.3d 374, 376. Accordingly, we must determine whether the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶17} "Where the parties in an action * ** voluntarily enter into an oral settlement agreement in the presence of the court, such agreement constitutes a binding contract." *Spercel*

*v. Sterling Indus. Inc.* (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. A trial court may enforce the oral settlement so long as the terms of the agreement are established by clear and convincing evidence. *Brilla v. Mulhearn*, 168 Ohio App.3d 223, 2006-Ohio-3816, at ¶20. When the parties have agreed to the terms of a settlement, the trial court may sign a journal entry reflecting the terms and may enforce the agreement. *Brilla* at ¶20. Where, however, there is a "factual dispute concerning the existence or the terms of a settlement agreement," the trial court must conduct an evidentiary hearing before entering judgment. *Duncan* at ¶19.

{¶18} Here, Appellants dispute certain terms of the settlement agreement, namely those terms discussed in the second assignment of error. The record reflects that once the trial court became aware of such issues, it scheduled a status conference and requested that Appellants appear. They failed to do so. Instead, they waited until Nilsson was ordered to submit a proposed journal entry, and they filed written objections to that proposal. In that filing, Appellants did not request an evidentiary hearing.

{¶19} As determined in the second assignment of error, it was not an abuse of discretion for the trial court to adopt Nilsson's proposals for the settlement agreement. Appellants failed to demonstrate a legitimate factual dispute regarding the settlement terms. "In the absence of such a factual dispute, a court is not required to conduct such an evidentiary hearing." *Rulli*, 79 Ohio St.3d at 377. Accordingly, it was not an abuse of discretion for the trial court to order the enforcement of the settlement agreement without first conducting an evidentiary hearing.

{¶20} Appellants' first assignment of error is overruled.

III.

{¶21} Appellants' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

CARR, J.
DISSENTS, SAYING:

{¶22} I respectfully dissent and would dismiss on the basis of mootness. The trial court ordered a third party to sign the settlement agreement when Appellants refused to do so. The trial court denied Appellants' motion for a stay of this order and no stay was sought from this

Court.  As the settlement agreement was signed and the patent assignments transferred, the matter is moot.

APPEARANCES:

JAMES A. AMODIO, Attorney at Law, for Appellants.

THOMAS G. KOVACH, Attorney at Law, for Appellees.

DAVID C. SHELDON, Attorney at Law, for Appellees.