[Cite as *Lexington Ridge Homeowners' Assn. v. Schlueter*, 2013-Ohio-1601.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

LEXINGTON RIDGE HOMEOWNERS
ASSOCIATION

    Appellee

    v.

ROBERT O. SCHLUETER, et al

    Defendants-Appellees;

CHASE HOME FINANCE LLC and

CHASE BANK USA, N.A.,

    Defendants-Appellants

C.A. No.     10CA0087-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09CIV0561

DECISION AND JOURNAL ENTRY

Dated: April 22, 2013

---

MOORE, Presiding Judge.

{¶1}    Defendants Chase Home Finance LLC and Chase Bank USA, N.A. ("Chase")
appeal from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    On March 24, 2009, Lexington Ridge Homeowners Association ("Lexington
Ridge") filed a "complaint for foreclosure and marsha[]ling of liens" against Robert and Sandra
Schlueter. In its complaint, Lexington Ridge alleged that it held a valid lien, recorded on March
10, 2009, against the Schlueters' property due to their failure to pay their homeowners'
association assessments. Lexington Ridge also named Chase and the Medina County Treasurer
as defendants in the complaint due to their potential claims of liens against the property. The

record indicates that the complaint was served on Chase in March of 2009. Chase did not answer the complaint.

{¶3} The preliminary judicial report filed in this matter reflects that the Schlueters executed a mortgage for $269,000 naming Chase Bank USA, N.A. as the lender. This mortgage was recorded on April 13, 2006. Thereafter, Chase Bank USA, N.A. assigned the mortgage to Chase Home Finance, LLC. The assignment of the mortgage was recorded on February 11, 2008.

{¶4} The Schlueters answered the complaint and moved for summary judgment. In their answer and motion, the Schlueters maintained that the property was exempt from foreclosure by Lexington Ridge under the "homestead exemption." The Schlueters also attached affidavits to the motion, in which they averred that Chase held a note and mortgage on the property, and the principal balance due and owing on the note was $289,083.54. Thereafter, Lexington Ridge moved for summary judgment. The Schlueters opposed Lexington Ridge's motion, arguing, in part, that foreclosure of the property would be inequitable because Chase's mortgage interest exceeded the value of the property, and Chase held a first lien on the property. Therefore, after distribution to Chase, the Schlueters argued that it would be unlikely that Lexington Ridge would receive a share of the sale proceeds.

{¶5} Thereafter, the Schlueters filed a motion to stay proceedings, in which they argued that "[t]he essential issue in this case is that [Lexington Ridge] ha[s] no right to foreclose [its] lien for homeowner's expenses where there is no equity available to satisfy [its] debt." However, the Schlueters maintained that it appeared that Chase had been properly served with the complaint, but Chase failed to answer. The Schlueters argued that if Chase were in default for failing to answer, then there would be equity available in the property to satisfy the debt to

Lexington Ridge. Lexington Ridge responded by arguing there was no authority to stay the proceedings on this basis, and that, as Chase was co-party of the Schlueters, any claim that it had against the Schlueters was permissive. Accordingly, Lexington Ridge asserted that Chase's failure to answer the complaint would not, through the operation of res judicata, prevent Chase from bringing a future action against the Schlueters for money damages under its purported note.

{¶6} On March 2, 2010, Lexington Ridge filed a motion for default judgment against Chase on "the claims set forth in its Complaint for Foreclosure and Marshaling of Liens." On the same day, the parties filed a joint motion to continue the trial in this matter. In the joint motion, the Schlueters indicated that if a default judgment were obtained against Chase, they would no longer oppose the foreclosure.

{¶7} On May 4, 2010, the Schlueters executed a deed to transfer their ownership interest in the property to the Schlueter Family Trust ("the trust"). Thereafter, the trial court issued an order naming the trust as a party. On the date scheduled for trial, the magistrate issued an order setting forth that the parties had advised the court that the case had been settled, and it ordered the parties to submit a judgment entry disposing of all claims.

{¶8} Each of the court filings referenced above indicate that a copy was forwarded to Chase. Chase did not respond.

{¶9} On July 7, 2010, the trial court issued an "agreed judgment entry and decree of foreclosure" which had been approved by Lexington Ridge, the Schlueters, and the trust. The entry provided that Chase was in default and had "no interest in the [p]roperty." The entry further ordered sale of the property with the proceeds of the sale being distributed among the answering parties.

{¶10} On July 12, 2010, Chase filed a motion for leave to file an answer instanter. Lexington Ridge, the Schlueters, and the trust opposed the motion for leave, and on July 26, 2010, the trial court denied Chase's motion. On August 5, 2010, Chase filed a notice of appeal from the July 7, 2010 entry. After having been granted several motions to stay the appellate proceedings, Chase now presents two assignments of error for our review. We have consolidated Chase's assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE AGREED JUDGMENT ENTRY AND DECREE OF FORECLOSURE IS VOID OR MUST BE REVERSED AS AGAINST CHASE TO THE EXTENT IT CANCELS, INVALIDATES, OR EXTINGUISHES CHASE'S MORTGAGE INTEREST BECAUSE THE RELIEF GRANTED VIOLATES CIV.R. 54(C).

### ASSIGNMENT OF ERROR II

THE AGREED JUDGMENT ENTRY AND DECREE OF FORECLOSURE MUST BE REVERSED AS AGAINST CHASE TO THE EXTENT IT CANCELS, INVALIDATES OR EXTINGUISHES CHASE'S MORTGAGE INTEREST BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} In its first assignment of error, Chase argues that the agreed judgment entry in effect "cancels" its mortgage interest, and this exceeded the relief requested in the complaint in violation of Civ.R. 54(C). In its second assignment of error, Chase argues that the judgment entry divides the proceeds from the sale of the property in a way that is against the manifest weight of the evidence.

The Agreed Judgment Entry

{¶12} Initially, we note that the trial court concluded this matter through an agreed judgment entry approved by Lexington Ridge, the Schlueters, and the trust. This judgment entry includes the trial court's ruling on Lexington Ridge's motion for default judgment against Chase.

Although Chase did not agree to the terms of the agreed judgment entry, because the motion to find Chase in default was before the court, the trial court could properly find Chase in default and enter judgment accordingly, irrespective of the parties' agreement. *See* Civ.R. 55(A) (permitting trial court to rule on motion for default judgment after such motion has been made by the party entitled to judgment by default). Further, the trial court was not required to take further evidence to determine the judgment against Chase if it was unnecessary to do so. *See* Civ.R. 55(A); *see also Kass v. Oracle Real Estate Group*, 9th Dist. No. 3141-M, 2001 WL 929383, *2 (Aug. 15, 2001) (after granting default judgment, it is within court's discretion as to whether to take evidence to establish damages); *see also Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 136 (9th Dist.1985) ("It has always been within the discretion of the trial court to determine whether further evidence is required to support a claim against a defaulting defendant.").[1]

{¶13} The entry contained a provision specific to judgment against Chase as follows:

> The Court further finds the Defendants Chase Home Finance, LLC and NMS to Chase Bank USA, N.A. have been each duly served with the summons and a copy of the Complaint nearly one year ago in March 2009, and each have failed to file an Answer or otherwise defend and, therefore, pursuant to Civ.R. 55, are in default and have no interest in the [p]roperty.

{¶14} Thereafter, the entry provides for the sale of the property and the distribution of the proceeds of the sale among the Clerk, the Treasurer, Lexington Ridge, and the trust. Although Chase acknowledges in its Statement of Facts that the entry provided that it had "no

---

[1] Further, as Chase did not agree to the terms of the entry, it has not waived its ability to appeal from that judgment. *See Bromley v. Hinton and Keith Development*, 9th Dist. No. 20730, 2002 WL 432059, *2 (Mar. 20, 2002), and *Deutsche Bank Natl. Trust Co. Americas v. Weber*, 12th Dist. No. CA2009-10-264, 2010-Ohio-1630, ¶ 12, 19.

interest" in the property due to its default, Chase has not focused its arguments around this determination. Instead, Chase has challenged *the distribution of the proceeds from the sale* of the property as being (1) in excess of the relief requested in the complaint in violation of Civ.R. 54(C) and (2) against the manifest weight of the evidence.

Civ.R. 54(C)

{¶15} Chase raises no challenge to the determination that it was in default for failing to answer the complaint. However, it maintains that the relief provided to Lexington Ridge was in excess of that sought in the complaint.

{¶16} This Court has held:

A trial court's decision to grant a motion for default judgment is reviewed under an abuse of discretion standard. Unlike the initial decision to grant a default judgment, however, the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C). * * * Therefore, the question of whether a trial court's grant of default judgment complies with Civ.R. 55(C) and Civ.R. 54(C) is one of law, which we review de novo.

*McEnteer v. Moss*, 9th Dist. Nos. 22201 and 22220, 2005-Ohio-2679, ¶ 6, quoting *Natl. City Bank v. Shuman*, 9th Dist. No. 21484, 2003-Ohio-6116, ¶ 6.

{¶17} Civ.R. 55(C) provides in part that, "judgment by default is subject to the limitations of Rule 54(C)." Civ.R. 54(C) provides in part that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The primary purpose of the limitations contained in Civ.R. 54(C) "is to ensure that defendants are clearly notified of the maximum potential liability to which they are exposed, so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action." *Shuman* at ¶ 11.

**{¶18}** Here, Lexington Ridge titled its complaint as one for "foreclosure and marshal[]ing of liens." *See* R.C. 5312.12(B)(4) (A valid lien held by a homeowner's association, may be foreclosed "in the same manner as a mortgage on the real property[.]")  Among other allegations, in the body of its complaint, Lexington Ridge alleged that Chase "has or claims to have some lien upon [the property] by way of mortgage or other lien."  Lexington Ridge prayed for relief as follows:

> (a) [Lexington Ridge] be granted judgment against [the Schlueters], in the amount of $2,701.95 plus interest for past due assessments;
>
> (b) [Lexington Ridge] be granted judgment for assessments incurred subsequent to the filing of this action plus interest and costs;
>
> (c) [Lexington Ridge] be found to have a good and valid subsisting lien.
>
> (d) That *all liens* on the property of [the Schlueters] be marshaled and the property be ordered sold;
>
> (e) [Lexington Ridge] be awarded costs for the filing of this foreclosure including costs for the preliminary judicial report;
>
> (f) Plaintiff (sic) be ordered to pay a reasonable rental for said property during the pendency of this action;
>
> (g) [Lexington Ridge] recover attorney fees from the proceeds of the sale or be granted judgment for said fees;
>
> (h) [Lexington Ridge] be granted a deficiency judgment should there be insufficient funds remaining after the sale of said property to satisfy the debt owed [Lexington Ridge];
>
> (i) [Lexington Ridge] be granted any additional relief in law or equity which it may be entitled.

(Emphasis added.)  Accordingly, as Lexington Ridge alleged that Chase had, or may claim, an interest in the property by way of a mortgage or other lien, the only demand for judgment against Chase was that its potential mortgage or lien on the property "be marshaled[.]"

{¶19} "[T]he equitable principle of marshaling of liens provides that proceeds will be applied to all lienholders' claims, in order of their priority." *Jackson Prod. Credit Assn. v. Perry*, 4th Dist. No. 409, 1984 WL 5628, *2 (Aug. 31, 1984); *see also Black's Law Dictionary* 996 (8th Ed.2004) (to "marshal" liens means "to fix the order of (creditors) according to their priority"). The determination of lienholder priority is significant, as rights of lienholders to compel a sale of the property depends upon their status as a senior or junior lienholder. *Jackson Prod.* at *2. "In general, the first mortgage on a parcel of real property recorded at the county recorder's office in the county in which the property is situated has priority over all subsequent mortgages on that same property." *Fifth Third Mtge. Co. v. Fillmore*, 5th Dist. No. 12 CAE 04 0030, 2013-Ohio-312, ¶ 46, quoting *DB Midwest, LLC v. Pataskala Sixteen, LLC*, 3d Dist. No. 8-08-18, 2008-Ohio-6750, ¶ 18, citing R.C. 5301.23, and *L.O.F. Employees Federal Credit Union v. Hahn*, 6th Dist. No. L-82-258, 1982 WL 6663 (Dec. 3, 1982).

{¶20} Although the recording statutes provide rules in determining the priority of competing liens, where an action is brought by a lienholder asking the court to marshal the liens against the property, the burden is upon those parties that allege to have an interest in the property to assert their claims and interests in the property. *See* R.C. 5301.23, and R.C. 5312.12; *Zukerman, Daiker & Lear Co. L.P.A. v. Signer*, 186 Ohio App.3d 686, 2009-Ohio-968, ¶ 34 (creditors named as third party defendants have burden of proving amount due on loans to satisfy their lien claims); *see also Deutsche Bank Natl. Trust Co. v. Richardson,* 2d Dist. No. 2010-CA-3, 2011-Ohio-1123, ¶ 19 (foreclosing plaintiff who failed to appear at trial had "failed to prove the existence or validity of any interest in the[ p]roperty or entitlement to any proceeds from the sale of the[ p]roperty.")

**{¶21}** Here, Chase has argued that the division of the sale proceeds among Lexington Ridge, the Schlueters, and the trust, with no proceeds being distributed to Chase, exceeded the relief requested in the complaint in violation of Civ.R. 54(C). Chase's argument is misplaced. The entry specifically provides that Chase has "no interest" in the property as a result of its default. This determination does not exceed the relief requested in the complaint, as Lexington Ridge prayed that all liens on the property be marshaled, and Chase, as a party named in the complaint as having a potential lien upon the property, bore the burden of establishing its interest. *See Zukerman* at ¶ 34. It chose not to assert its interest, enabling the default judgment that it had no interest in the property.

**{¶22}** Accordingly, Chase's first assignment of error is overruled.

Manifest Weight of the Evidence

**{¶23}** As set forth in our discussion of its first assignment of error, the only existing claim as between Lexington Ridge and Chase was that of marshaling the liens. Thus, the entry's determination that Chase had no interest in the property due to its default, disposed of this claim. The remaining provisions of the agreed entry resolve Lexington Ridge's claims against the other parties. Assuming without deciding that Chase may properly raise a challenge to the disposition of the remaining claims, the trial court was not required to hold an evidentiary hearing to weigh the evidence in order to resolve the remainder of the claims because the non-defaulting parties settled those claims. *See Duncan v. Hopkins*, 9th Dist. No. 24065, 2008-Ohio-3772, ¶ 19, quoting *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 37 (1984) ("[I]n the absence of allegations of fraud, duress, undue influence, or any factual dispute concerning the existence or the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement."). *See Ohio State Medical Bd. v.*

*Zwick*, 59 Ohio App.2d 133, 140 (9th Dist.1978) ("[I]n the absence of fraud, a judgment or decree of a court having jurisdiction of the subject matter, rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is binding and conclusive between the parties[.]"). Therefore, Chase's second assignment of error lacks merit and is overruled.

III.

{¶24} Chase's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ANNE MARIE SFERRA and NELSON M. REID, Attorneys at Law, for Appellants.

JOSEPH F. SALZGEBER and ARTHUR EDWARD FORTH, Attorneys at Law, for Appellee.

JOHN C. OBERHOLTZER and MATTHEW G. BRUCE, Attorneys at Law, for Appellees.