[Cite as *Suite Living, L.L.C. v. Elyria*, 2026-Ohio-706.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

SUITE LIVING, LLC

    Appellant

    v.

CITY OF ELYRIA

    Appellee

C.A. No.     25CA012271

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    24CV213158

DECISION AND JOURNAL ENTRY

Dated: March 2, 2026

CARR, Presiding Judge.

{¶1}    Appellant, Suite Living, LLC, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands for further proceedings consistent with this opinion.

I.

{¶2}    This matter concerns a piece of real property ("the property") located on Lorain Boulevard in Elyria that was formerly operated as a Days Inn hotel. Suite Living purchased the property in 2021, at a time when the property was subject to a closing order pursuant to R.C. 3767.06(A). In 2024, the City of Elyria filed a complaint against Suite Living seeking a declaration that the property constituted a public nuisance. The City further sought abatement of the nuisance and the appointment of a receiver. With leave of court, Suite Living filed an answer denying the allegations contained in the City's complaint.

{¶3}     Shortly thereafter, the parties agreed to a stipulated journal entry that declared the property a public nuisance.  The stipulated entry set forth a number of abatement measures with timelines for completion by Suite Living.  The stipulated entry further specified that if the City was not satisfied with the progress at the time of the deadlines, the trial court would, upon motion of the parties, appoint Christopher Mulvaney as receiver to complete the abatement measures.

{¶4}     After the deadlines passed, the City was not satisfied with Suite Living's progress on the abatement measures.  The City filed a motion to appoint Mr. Mulvaney receiver.  Suite Living filed a memorandum in opposition to the motion.  The trial court ultimately granted the motion and issued an order appointing Mr. Mulvaney receiver.

{¶5}     Suite Living filed a timely notice of appeal.  Now before this Court, Suite Living raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION [] TO APPOINT RECEIVER UNDER R.C. 3767.41(C)(3)(A) WITHOUT THE RECIEVER FIRST PROVIDING THE TRIAL COURT WITH A VIABLE FINANCIAL AND CONSTRUCTION PLAN FOR THE REHABILITATION OF APPELLANT'S BUILDING.

{¶6}     In its sole assignment of error, Suite Living argues that the trial court's order appointing a receiver must be reversed because Mr. Mulvaney failed to comply with the requirements of R.C. 3767.41(C)(3)(a).  This Court agrees.

### Background

{¶7}     As noted above, the City filed a motion to appoint Mr. Mulvaney as receiver, citing the stipulated entry filed by the parties on January 2, 2025.  The provision of the stipulated entry pertaining to the appointment of a receiver is contained in paragraph three and reads as follows:

3. The Real Property is subject to the following abatement measures to be completed within the listed time frames by Suite Living. After the expiration of the time frame listed in each item, City will assess Suite Living's progress in the abatement measures. If the abatement measures are not satisfactory to the City, and after the opportunity to cure as set forth in item 17 herein, and upon compliance with []R.C. 3767.41(D) and motion by either of the Parties, *the Court shall appoint Christopher Mulvaney, Esquire, to be the Receiver for the Real Property to complete the abatement, with all of the powers, duties and responsibilities set forth in R.C. 3767.41(C).*

(Emphasis added).

{¶8} Suite Living filed a memorandum in opposition to the motion raising a number of arguments, the foremost of which was that Mr. Mulvaney failed to comply with the requirement set forth in R.C. 3767.41(C)(3)(a). Specifically, Suite Living argued that Mr. Mulvaney had neither filed a viable financial and construction plan, nor had he demonstrated the capacity to perform the required work and to furnish the necessary materials.

{¶9} The trial court subsequently issued an order granting the motion, finding that "[t]here is good cause to appoint Mr. Mulvaney as receiver." The order further set forth a number of terms pertaining to the duties and authorities of the receivership pursuant to R.C. 3767.41.

Discussion

{¶10} In support of its assignment of error, Suite Living argues that the trial court erred in granting the motion to appoint Mr. Mulvaney receiver because Mr. Mulvaney never submitted a financial and construction plan for the rehabilitation of the property as required by R.C. 3767.41(C)(3)(a). Suite Living asserts that while the stipulated entry identified Mr. Mulvaney as the receiver, the stipulated entry further provided that Mr. Mulvaney was required to comply with the pertinent statutory requirements. In response, the City contends that Suite Living is barred from challenging the appointment of Mr. Mulvaney under the terms of the stipulated entry. The

City maintains that because there was a provision in the stipulated entry stating that neither party would appeal its terms, this Court should dismiss the instant appeal.[1]

{¶11} Generally speaking, a trial court's decision to adopt a settlement agreement is reviewed for an abuse of discretion. *Duncan v. Hopkins*, 2008-Ohio-3772, ¶ 14 (9th Dist.). However, to the extent that a case involves the application of an erroneous standard in enforcing a settlement agreement, or a misconstruction of the law, our standard of review is de novo. *Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 2012-Ohio-1328, ¶ 18 (9th Dist.).

{¶12} R.C. 3767.41(C)(3)(a) provides as follows:

The judge in a civil action . . . shall not appoint any person as a receiver unless the person first has provided the judge with a viable financial and construction plan for the rehabilitation of the building involved as described in division (D) of this section and has demonstrated the capacity and expertise to perform the required work and to furnish the required materials in a satisfactory manner. An appointed receiver may be . . . any [] qualified property manager.

{¶13} In turn, R.C. 3767.41(D) provides:

Prior to ordering any work to be undertaken, or the furnishing of any materials, to abate a public nuisance under this section, the judge in a civil action described in division (B)(1) of this section shall review the submitted financial and construction plan for the rehabilitation of the building involved and, if it specifies all of the following, shall approve that plan:

(1) The estimated cost of the labor, materials, and any other development costs that are required to abate the public nuisance;

(2) The estimated income and expenses of the building and the property on which it is located after the furnishing of the materials and the completion of the repairs and improvements;

(3) The terms, conditions, and availability of any financing that is necessary to perform the work and to furnish the materials;

---

[1] Prior to oral argument, the City filed a motion to dismiss this appeal on the basis that Suite Living agreed in the stipulated entry not to challenge Mr. Mulvaney's appointment as receiver. This Court denied the motion on the basis that it required review of the record and briefing, and further, that summary disposition was not appropriate on appeal. In its merit brief, Elyria maintains its position that the appeal should be dismissed.

(4) If repair and rehabilitation of the building are found not to be feasible, the cost of demolition of the building or of the portions of the building that constitute the public nuisance.

{¶14}   Here, a review of the stipulated entry reveals that the parties did not agree that Mr. Mulvaney would be relieved from providing a viable financial and construction plan for the rehabilitation as described in R.C. 3767.41(D).  On the contrary, the stipulated entry provided that in the event that Suite Living failed to complete the abatement measures, Mr. Mulvaney would be appointed receiver "upon compliance with [R.C.] 3767.41(D) and motion by either of the [p]arties[.]"  The stipulated entry further provided that Mr. Mulvaney would be appointed receiver "with all of the powers, duties and responsibilities as set forth in R.C. 3767.41(C)."  With respect to responsibilities, R.C. 3767.41(C)(3)(a) specifies that a person shall not be appointed as receiver "unless the person first has provided the judge with a viable financial and construction plan for the rehabilitation of the building involved as described in [R.C. 3767.41(D).]"  Accordingly, there was no language in the stipulated entry suggesting that the trial court could appoint Mr. Mulvaney receiver unless he first satisfied the statutory requirement of providing a financial and construction plan.

{¶15}   As the record makes clear that Mr. Mulvaney failed to comply with R.C. 3767.41(C)(3)(a), the trial court's order appointing him as receiver must be reversed.  Notably, to the extent that Suite Living now argues that Mr. Mulvaney is not qualified to serve as receiver, we note that Suite Living waived that issue by entering into an agreement that specifically designated Mr. Mulvaney as a qualified receiver.  Because the stipulated entry specifically provided that Mr. Mulvaney must comply with certain statutory requirements, however, Suite Living's assignment of error is sustained to the extent discussed above.

III.

{¶16}  Suite Living's assignment of error is sustained to the extent discussed above.  The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

LOGAN TROMBLEY and WARNER MENDENHALL, Attorneys at Law, for Appellant.

ERIK A. BREUNIG and MARGARET A. O'BRYON, Assistant Law Directors, for Appellee.