[Cite as *Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 2012-Ohio-1328.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TECHNICAL CONSTRUCTION
SPECIALTIES, INC. dba NUFLOOR
SYSTEMS

      Appellee/Cross-Appellant

      v.

NEW ERA BUILDINS, INC. et al.

      Appellants/Cross-Appellees

C.A. No.     25776

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2009 CVF 01308

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

MOORE, Judge.

{¶1}   Appellant/Cross-Appellee New Era Builders, Inc. appeals from the judgment of the Stow Municipal Court. Additionally, Appellee/Cross-Appellant Technical Construction Specialties, Inc. cross-appeals from the trial court's judgment. This Court affirms in part, reverses in part, and remands the matter for further proceedings.

I.

{¶2}   On October 4, 2007, Technical Construction Specialties, Inc. ("TCS") entered into a written contract with New Era Builders, Inc. ("New Era") to install "overlayment" flooring at the Baker Building in Cleveland, Ohio. TCS began installation on October 12, 2007, and completed the job seven days later on October 19, 2007. TCS invoiced New Era for the work on October 31, 2007. Payment was due within thirty days. No payment was made.

**{¶3}** On January 5, 2008, New Era contacted TCS with a complaint regarding "delamination" of a section of the installation. TCS contends that the underlayment it installed was properly bonded, and the cracking was caused by an "unstable subgrade." TCS offered to remove the strip and patch or repair the area at the cost of New Era. New Era declined this offer.

**{¶4}** On April 6, 2009, TCS filed a claim against New Era for breach of contract and sought to recover $11,900 plus interest. The matter was referred to mediation on January 22, 2010. The parties executed a settlement agreement as well as a separate contract for additional work to patch and repair the areas where the underlayment was removed. The trial court subsequently filed an order dismissing the matter, subject to the parties filing an agreed upon order to the contrary within thirty days. On March 11, 2010, TCS sent a notice of settlement, settlement agreement, and contract for the additional repair work to New Era for approval. New Era did not respond. On March 30, 2010, TCS filed a motion to vacate the order dismissing the claims, a motion to enforce settlement, and a motion for sanctions. New Era filed a reply claiming that the documents were not signed because an installation date had not been agreed to. On May 5, 2010, the trial court ordered the parties to agree to a new date.

**{¶5}** On June 4, 2010, TCS filed a notice of settlement, with the approval of New Era. However, payment was not tendered by New Era within thirty days as required by the settlement agreement. On July 15, 2010, TCS filed a motion to enforce the settlement agreement. It also requested an award of attorney fees. A hearing was held before a magistrate on August 24, 2010. The magistrate's decision was issued on September 16, 2010 recommending that the trial court grant the motion to enforce the settlement agreement. Objections were filed by TCS on September 27, 2010, and by New Era on October 7, 2010. On December 17, 2010, the trial court

overruled New Era's objections, sustained TCS' objection to the interest rate amount, and overruled TCS' objection to the failure to award attorney fees.

{¶6} New Era timely filed a notice of appeal and raises two assignments of error for our review. Additionally, TCS timely filed a notice of cross-appeal and raises two cross-assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT EQUATED "ATTEMPTS TO REPAIR" TO "REPAIR", WHICH WAS A REQUIREMENT PRIOR TO ANY FUNDS BEING DUE.

{¶7} In its first assignment of error, New Era argues that the trial court's interpretation of the word "repair" was "contrary to the evidence presented." This Court disagrees.

{¶8} In determining whether the trial court's decision is or is not supported by the manifest weight of the evidence, this Court applies the civil manifest weight of the evidence standard set forth in *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279 (1978), syllabus, which holds: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." The Ohio Supreme Court has clarified that:

> when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984). This presumption arises because the trial judge had the opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* at 80. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.* at 81.

*State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24.

{¶9}    Pursuant to App.R. 9(B), an appellant who wishes to assert that a finding or conclusion is unsupported by the evidence or against the manifest weight of the evidence shall include in the record "a transcript of proceedings that includes all evidence relevant to the findings or conclusion."  App.R. 9(B) further provides:

> Unless the entire transcript of proceedings is to be included in the record, the appellant shall file with the notice of appeal a statement, as follows:
>
> If the proceedings were recorded by a stenographic/shorthand reporter, the statement shall list the assignments of error the appellant intends to present on the appeal and shall either describe the parts of the transcript that the appellant intends to include in the record or shall indicate that the appellant believes that no transcript is necessary.
>
> If the proceedings were not recorded by any means, or if the proceedings were recorded by non-stenographic means but the recording is no longer available for transcription, or if the stenographic record has become unavailable, then the statement shall list the assignments of error the appellant intends to present on appeal and shall indicate that a statement under App. R. 9(C) or 9(D) will be submitted.

{¶10}  In this case, the record does not contain a transcript from the hearing before the magistrate on August 24, 2010.  In addition, New Era failed to include a statement demonstrating that no transcript is necessary pursuant to App.R. 9(C) or 9(D).

{¶11}  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).  Thus, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment.  *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409 (9th Dist.1993).  Because the record does not contain a transcript, and thus does not contain all of the evidence relevant to New Era's assignments of error, this Court cannot conclude that the trial

court's judgment was against the manifest weight of the evidence or that the trial court erred by rendering judgment in favor of TCS.

{¶12} Accordingly, New Era's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT RENDERED JUDGMENT TO THE APPELLEE CONTRARY TO THE SETTLEMENT AGREEMENT AND EVIDENCE PRESENTED THEREBY LEAVING CLAIMS UNRESOLVED AND REQUIRING NEW LITIGATION BETWEEN THE EXACT SAME PARTIES ON THE EXACT SAME ISSUES, CONTRARY TO LAW.

{¶13} In its second assignment of error, New Era argues that the trial court's judgment was contrary to the evidence presented. It further argues that the trial court erred in concluding that future claims concerning the repairs would not be barred by res judicata. We do not agree.

{¶14} As discussed in the first assignment of error, because this Court does not have a complete record of the proceedings below, and thus does not have all evidence relevant to its decision, we cannot conclude that the trial court's judgment was contrary to the evidence presented. *Knapp,* 61 Ohio St.2d at 199. Accordingly, insofar as New Era argues that the trial court's judgment was contrary to the evidence presented, this portion of the assignment of error is overruled.

{¶15} New Era further argues that the trial court erred in concluding that it would have the ability to pursue recovery in an independent action regarding the contract for additional repairs. We conclude that the trial court correctly concluded that res judicata would not bar a subsequent action. New Era merely reiterates its arguments from above that its payment obligations were contingent upon its acceptance of TCS' repair work. However, we concluded above that the trial court correctly concluded that the parties executed a separate, subsequent

contract for the repair work, and that the settlement agreement was not contingent upon New Era's acceptance of the repairs.

{¶16} The initial action was filed in response to breach of the original construction contract. The parties subsequently entered into a settlement agreement. That agreement contained a provision stating that TCS would agree to perform the repair work. The parties thereafter entered into a contract for repair. Thus, assuming that TCS breached the subsequent contract for repair, New Era could bring a separate action asserting any deficiencies in the performance of that contract. Because New Era would have subsequent grounds upon which it could file a claim, the doctrine of res judicata would not apply. *See, e.g.*, *Lincoln Health Care, Inc. v. Keck,* 11th Dist. No. 2002-L-006, 2003-Ohio-4864, ¶ 33. Accordingly, New Era's second assignment of error is overruled.

## CROSS-APPEAL ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO AWARD INTEREST AUTHORIZED UNDER THE SETTLEMENT AGREEMENT.

{¶17} In its first assignment of error on cross-appeal, TCS argues that the trial court erred when it failed to award interest authorized under the settlement agreement. We agree.

{¶18} "When parties have agreed to the terms of a settlement, a trial court may sign a journal entry reflecting the terms and may enforce the agreement." *Duncan v. Hopkins*, 9th Dist. No. 24065, 2008-Ohio-3772, ¶ 15. The standard of review to be applied to a ruling on a motion to enforce a settlement agreement depends primarily on the question presented. If the question is an evidentiary one, this Court will not overturn the trial court's finding if there was sufficient evidence to support such finding. *Chirchiglia v. Bur. of Workers' Comp.*, 138 Ohio App.3d 676, 679 (7th Dist.2000). However, "[w]here the meaning of terms of a settlement agreement is

disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Rulli v. Fan Co.*, 79 Ohio St.3d 374 (1997), syllabus. If the dispute is a question of law, an appellate court must review the decision de novo to determine whether the trial court's decision to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1995).

{¶19} In the trial court below, TCS filed a motion to enforce a settlement agreement against New Era. The magistrate held a hearing and issued a decision recommending that TCS be granted judgment in the amount of $11,900.00 plus 4% interest from the date of judgment, plus costs. TCS filed objections to the magistrate's decision and argued that it was error to recommend that TCS receive interest at the rate of 4% from the date of judgment when the terms of the agreement provided for an award of 18% interest from October 31, 2007. The trial court sustained the objection "with respect to the judgment herein accruing interest at a rate of 18% per annum."

{¶20} On appeal, TCS argues that it is entitled to an award of interest from the date of October 31, 2007 as opposed to the date of judgment. The settlement agreement states: "New Era Builders, Inc. (New Era) and 7100 Euclid LLC (Euclid) owe TCS, Inc. dba NuFloor Systems (TCS), the sum of Eleven Thousand Nine Hundred Dollars ($11,900.00) plus interest at the rate of Eighteen Percent (18%) from October 31, 2007 for the installation of USG Levelrock Proflow Underlayment at 7100 Euclid Ave., Cleveland, Ohio." Thus, TCS argues that the interest should accrue from October 31, 2007 pursuant to the parties' settlement agreement. In response, New Era merely reiterates its arguments that no payment was due under the settlement agreement until certain repairs were completed.

**{¶21}** A settlement agreement is a contract designed to prevent or end litigation. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson*, *Inc*., 74 Ohio St.3d 501, 502 (1996). Settlement agreements are highly favored as a means of resolving disputes. *State ex rel. Wright v. Weyandt*, 50 Ohio St.2d 194, 197 (1977). A trial court possesses full authority to enforce a settlement agreement voluntarily entered into by the parties. *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 36 (1984). "'To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear,' and if there is uncertainty as to the terms then the court should hold a hearing to determine if an enforceable settlement exists." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 17, quoting *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997). The result of a valid settlement agreement is a binding contract between parties. *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982). Thus, a settlement agreement cannot be unilaterally repudiated. *Mack*, 14 Ohio St.3d at syllabus. "To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though * * * the agreement is of binding force." *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 40 (1972). Rather, it can be set aside only for the same reasons that any other contract could be rescinded, such as fraud, duress, or undue influence. *See Mack* at syllabus.

**{¶22}** The trial court concluded that the parties entered into a binding settlement agreement. The terms of the settlement agreement are clear and demonstrate that New Era was to pay "interest at the rate of Eighteen Percent (18%) from October 31, 2007." New Era has made no arguments regarding rescission of the contract. Nonetheless, the trial court imposed interest from the date of judgment rather than from October 31, 2007. "The law prohibits courts from rewriting contracts when the words of a contract are unambiguous." *Kaple v. Benchmark Materials*, 3d Dist. No. 13-03-60, 2004-Ohio-2620, ¶ 24, citing *Foster Wheeler Enviresponse,*

*Inc. v. Franklin Co. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361-362 (1997) (holding that "[i]t is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result"). Here, the phrase "interest at the rate of Eighteen Percent (18%) from October 31, 2007" was not ambiguous and it was not necessary for the court to rewrite a contractual term. Thus, the trial court was not permitted to order that the interest accrue from the date of judgment. Therefore, although the trial court correctly found that a valid settlement agreement existed between the parties, its decision to change the terms of the contract was in error.

{¶23} Accordingly, the TCS' first assignment of error is sustained. The matter is remanded to the trial court with instructions to enforce the settlement agreement as agreed upon by the parties with interest accruing at the rate of eighteen percent from October 31, 2007.

## CROSS-APPEAL ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED HAVING THE AUTHORITY TO GRANT SANCTIONS FOR BREACH OF A SETTLEMENT AGREEMENT.

{¶24} In its second assignment of error on cross-appeal, TCS argues that the trial court erred in refusing to grant sanctions for breach of a settlement agreement. We do not agree.

{¶25} In its motion to enforce a settlement agreement, TCS requested an award of expenses and costs, including reasonable attorney fees, incurred to enforce the settlement agreement. The magistrate did not address this request in its decision. TCS filed an objection to the magistrate's decision and argued that attorney fees are properly awarded as compensatory damages resulting from the wrongful breach of a settlement agreement. The trial court overruled the objection concluding that TCS "failed to adequately demonstrate any exception to the American Rule regarding attorney fees."

{¶26} The decision to award attorney fees and the amount thereof are within the discretion of the trial court. *Cassaro v. Cassaro*, 50 Ohio App.2d 368 (8th Dist.1976). Attorney fees are generally not recoverable in contract actions. *First Bank of Marietta v. L.C. Ltd.*, 10th Dist. No. 99AP-304, 1999 WL 1262058 (Dec. 28, 1999). Such a principle comports with the "American Rule" that requires each party involved in litigation to pay its own attorney fees in most circumstances. *Sorin v. Bd. of Edn.*, 46 Ohio St.2d 177, 179 (1976). As exceptions to that rule, recovery of attorney fees may be permitted if (1) a statute creates a duty to pay fees, (2) the losing party has acted in bad faith, or (3) the parties contract to shift fees. *McConnell v. Hunt Sports Ents.*, 132 Ohio App.3d 657, 699 (10th Dist.1999), citing *Pegan v. Crawmer*, 79 Ohio St.3d 155, 156 (1997).

{¶27} TCS argues that it is entitled to attorney fees because New Era acted in bad faith when it breached the settlement agreement. The trial court reviewed the evidence and concluded that TCS failed to demonstrate any exceptions to the American Rule, including bad faith. As discussed in the second assignment of error, the parties did not make the transcript from the magistrate's hearing a part of the record. As such, we must presume regularity in the trial court's proceedings and accept its judgment. *Wozniak*, 90 Ohio App.3d at 409. Accordingly, TCS' second assignment of error is overruled.

III.

{¶28} New Era's assignments of error are overruled. TCS' first assignment of error on cross-appeal is sustained and its second assignment of error is overruled. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

CHARLES A. BAKULA, Attorney at Law, for Appellants/Cross-Appellees.

DANIEL M. WALPOLE, Attorney at Law, for Appellee/Cross-Appellant.