[Cite as *Teague v. Schmeltzer*, 2018-Ohio-76.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KATHLEEN TEAGUE, et al.

    Appellee

    v.

ERNEST SCHMELTZER

    Appellant

C.A. No.      28618

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2015-CV-006

DECISION AND JOURNAL ENTRY

Dated: January 10, 2018

TEODOSIO, Judge.

{¶1} Ernest Schmeltzer appeals the order of the Summit County Court of Common Pleas Probate Division dismissing case no. 2015-CV-006 and consolidated cases. This Court affirms.

I.

{¶2} Constance and Julius Schmeltzer passed away in 2012 and 2013, respectively, leaving behind, as the beneficiaries of two living trusts, three adult children: Kathleen Teague, Steven Schmeltzer, and Ernest Schmeltzer. This matter was initiated by the filing of a complaint by Kathleen Teague, Executrix of the Estate of Julius Schmeltzer, against Steven Schmeltzer, and demanding the return of certain assets of the estate. Subsequently, Steven Schmeltzer filed a complaint for declaratory judgment against Kathleen Teague and Ernest Schmeltzer that was consolidated under the 2015-CV-006 case number, along with other related probate cases. Upon

the motion of Steven Teague, partial summary judgment was granted by the trial court, finding a distribution agreement among the three adult children to be valid.

{¶3} A mediation conference was conducted on October 19, 2016, with the parties entering into a preliminary settlement agreement. The agreement provided, in pertinent part, that the business entity of Old Portage Company was to pay Ernest Schmeltzer $30,000.00 within 14 days of entering into a final agreement. The agreement also provided that all litigation was to be dismissed with prejudice upon the execution of the final agreement. A final settlement agreement was subsequently prepared and signed by all parties. On January 13, 2017, Ernest Schmeltzer filed a motion for the enforcement of the settlement agreement and for sanctions. In her response brief, Ms. Teague attached a copy of a notice of lien sent to Old Portage Company from the Office of the Attorney General of Texas, Child Support Division, detailing the attachment of a lien to any and all funds payable to Ernest Schmeltzer. On January 31, 2017, Ernest Schmeltzer filed a "motion and notice of withdrawal of signature to settlement agreement and motion for contempt" based upon the placement of the lien and alleging that the other parties had improperly contacted the Office of the Attorney General of Texas.

{¶4} On March 10, 2017, the trial court denied Ernest Schmeltzer's motion for enforcement and sanctions and his motion and notice of withdrawal of signature to settlement agreement and motion for contempt, noting that his unrelated debts did not relate to his voluntary signature upon the settlement agreement. The order further denied Ms. Teague's request for an oral hearing as moot. On April 7, 2017, Ms. Teague and Steven Schmeltzer filed a joint motion for an order of dismissal with prejudice, noting that Ernest Schmeltzer had indicated he would not sign an agreed dismissal entry until he received his settlement funds, upon which the lien had been placed. On April 10, 2017, the trial court entered an order of dismissal, indicating the

parties had entered into a settlement agreement and that under the terms of the agreement, all parties agreed to dismiss all claims against each other with prejudice.

{¶5} Also on April 10, 2017, Ernest Schmeltzer filed a notice of interlocutory appeal of the trial court's order of March 10, 2017. Pursuant to his request, this Court's journal entry of September 13, 2017, amended Ernest Schmeltzer's notice of appeal to include an appeal of the trial court's April 10, 2017, order and dismissed his appeal from the trial court's order of March 10, 2017.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN DENYING APPELLANT ERNEST SCHMELTZER'S MOTION TO ENFORCE AND FOR DELAY, AND HIS MOTION TO WITHDRAW SIGNATURE AND FOR CONTEMPT, AND DENYING APPELLEE'S REQUEST FOR ORAL HEARING ON SAME, WITHOUT HOLDING AN EVIDENTIARY HEARING.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GRANTING APPELLEE AND DEFENDANT STEVEN SCHMELTZER'S JOINT MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE WITHOUT AN EVIDENTIARY HEARING.

{¶6} Ernest Schmeltzer argues the trial court erred in denying his motion for enforcement and sanctions and his motion for the withdrawal of his signature to the settlement agreement and for contempt without holding an evidentiary hearing. Ernest Schmeltzer also argues the trial court erred in issuing an order of dismissal without holding an evidentiary hearing on his claims against Ms. Teague and her counsel. We disagree.

{¶7} "The standard of review to be applied to a ruling on a motion to enforce a settlement agreement depends primarily on the question presented." *Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 9th Dist. Summit No. 25776, 2012-Ohio-1328, ¶ 18.

"If the question is an evidentiary one, this Court will not overturn the trial court's finding if there was sufficient evidence to support such finding." *Id.* "If the dispute is a question of law, an appellate court must review the decision de novo to determine whether the trial court's decision to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law." *Id.*

{¶8} "'The approval of a settlement agreement rests in the sound discretion of the trial court.'" *Duncan v. Hopkins*, 9th Dist. Summit No. 24065, 2008-Ohio-3772, ¶ 14, quoting *State ex rel. Republic Serv. of Ohio II v. Pike Twp. Bd. of Trustees*, 5th Dist. Stark Nos. 2006 CA 00153 & 2006 CA 00172, 2007-Ohio-2086, ¶ 68. Likewise, a trial court's decision to order the enforcement of a disputed settlement agreement without first conducting an evidentiary hearing is reviewed under an abuse of discretion standard. *Nilsson v. Architron Sys.*, 9th Dist. Medina No. 10CA0066-M, 2011-Ohio-4987, ¶ 16. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} "Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Rulli v. Fan Co.*, 79 Ohio St. 3d 374, 377 (1997). "In the absence of such a factual dispute, a court is not required to conduct such an evidentiary hearing." *Id*. at 377. Parties cannot repudiate a settlement agreement when, in hindsight, they find that they no longer agree with the terms. *Shetler v. Shetler*, 9th Dist. Wayne No. 00CA0070, 2001 Ohio App. LEXIS 2289, *4-5 (May 23, 2001).

{¶10} Ernest Schmeltzer points us to *Myatt v. Myatt*, where a motion to enforce a settlement agreement disputed whether a settlement had actually been reached and whether the settlement documents accurately reflected the content of the settlement discussions. *Myatt v. Myatt*, 9th Dist. Summit No. 24606, 2009-Ohio-5796, ¶ 7. This Court applied *Rulli* to conclude that it was necessary for the trial court to conduct an evidentiary hearing prior to ruling on a motion to enforce a settlement agreement. *Id*. at ¶ 14. We find the present case distinguishable.

{¶11} In *Myatt*, settlement negotiations had taken place at a status conference and a subsequent discussion with the trial judge took place outside of the record. *Id*. at ¶ 12. Counsel undertook the task of reducing the purported agreement to writing and the trial court ordered the case settled and dismissed. *Id*. Upon circulation of the written agreement, several of the parties refused to sign the documents and disputed whether the documents accurately reflected the terms of the purported agreement. *Id*. Upon motion, the case was reactivated and a motion to enforce the settlement was filed, which was subsequently granted by the trial court. *Id*. We noted that the facts of the case indicated a dispute as to whether the parties reached a settlement agreement, and, that if an agreement was in fact reached, it was disputed as to whether the settlement documents accurately reflected the terms of the agreement. *Id*. at ¶ 13. Because the discussions with the trial court judge did not take place on the record, it was unclear whether an agreement was reached or if the settlement documents accurately reflected an agreement. *Id*. We concluded that in light of the factual disputes, the case was to be remanded to the trial court for an evidentiary hearing. *Id*.

{¶12} In the case currently before this Court, the parties signed a preliminary agreement on October 19, 2016, which provided for a final settlement agreement to be drafted by the attorneys. A report of mediation signed by the mediator and the parties also indicated that a

settlement agreement had been reached and that a dismissal of the litigations was to be filed upon execution of a final agreement. A final settlement agreement was eventually signed by all parties, and Ernest Schmeltzer has attested to signing the final agreement. Accordingly, Ernest Schmeltzer does not dispute the existence of a settlement agreement, nor does he dispute the terms of the agreement, which he both signed and sought to be enforced. *See Rulli* at 377. Rather, the crux of Ernest Schmeltzer's argument is the placement of a lien by the Texas Attorney General's Child Support Division on the $30,000.00 to be paid to him under the settlement agreement and his allegations of fraud and misrepresentation with regard to said lien. Unlike *Myatt*, here there is no factual dispute that would necessitate an evidentiary hearing. The placement and effect of the lien is beyond the scope of the trial court and the parties to the settlement agreement. We further note that if the lien was not lawfully placed, Ernest Schmeltzer has other remedies to contest it.

{¶13} We conclude it was not an abuse of discretion for the trial court to dismiss the case pursuant to the settlement agreement. Ernest Schmeltzer has failed to demonstrate a legitimate factual dispute regarding the settlement terms. "In the absence of such a factual dispute, a court is not required to conduct such an evidentiary hearing." *Rulli*, 79 Ohio St.3d at 377. Likewise, the trial court did not err in denying Ernest Schmeltzer's motion for enforcement and sanctions and his motion for the withdrawal of his signature to the settlement agreement and for contempt without holding an evidentiary hearing. Mr. Schmeltzer's assignments of error are overruled.

III.

{¶14} Mr. Schmeltzer's assignments of error are overruled.

**{¶15}** The judgment of the Summit County Court of Common Pleas Probate Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ERNEST SCHMELTZER, pro se, Appellant.

JASON WEIGANT, Attorney at Law, for Appellee.

TERRENCE L. SEEBERGER, Attorney at Law, for Appellee.