[Cite as *M.C. v. Choudhry*, 2022-Ohio-915.]

STATE OF OHIO        )
                             )ss:
COUNTY OF SUMMIT    )

|  |  |
|---|---|
| M. C. | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| Appellee | C.A. No.     29859<br>                 29866 |
| v. | |
| WAJAHAT CHOUDHRY | APPEAL FROM JUDGMENTS<br>ENTERED IN THE<br>COURT OF COMMON PLEAS |
| Appellant | COUNTY OF SUMMIT, OHIO<br>CASE No.    DR-2016-04-1167<br>AND THE AKRON MUNICIPAL COURT<br>COUNTY OF SUMMIT, OHIO<br>CASE No.    19 CVF 08874 |

DECISION AND JOURNAL ENTRY

Dated: March 23, 2022

---

CALLAHAN, Judge.

{¶1} Appellant, Wahajat Choudhry, appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, in C.A. 29859 that found him in contempt for failure to pay spousal support and for violation of a civil protection order. He also appeals an order of the Akron Municipal Court in C.A. 29866 that dismissed his action seeking a declaratory judgment. With respect to C.A. 29859, this Court affirms, but with respect to C.A. 29866, this Court reverses.

I.

{¶2} On June 21, 2016, the domestic relations court entered a consent agreement and domestic violence civil protection order ("DVCPO") that restrained Mr. Choudhry from contact

with M.C. and three of her family or household members. The DVCPO also provided that "[Mr. Choudhry] shall continue to pay the mortgage, taxes & insurance on the marital residence and pay directly to [M.C.], on or before the 15th of each month, $2000.00 per month in temporary spousal support by depositing the funds in [her] bank account. These payments shall continue until otherwise ordered or modified under the parties' divorce case." The DVCPO provided that it would expire on June 16, 2018.

{¶3}  On April 24, 2018, a District Judge of the Bristol Family Court, United Kingdom, entered a "Financial Remedy Order" that documented a hearing in the parties' divorce action. Mr. Choudhry attended in person; M.C. participated by video. According to that order, M.C. represented that she would seek arrearages arising under the DVCPO in the courts of the United States and that she would "keep the [marital property] in good condition and repair and not to damage the same, including fixtures and fittings." The UK Court ordered Mr. Choudhry to pay M.C. the sum of £35,000, which did not represent payment toward the arrearage, within twenty-eight days. The UK Court also ordered M.C. to vacate the marital property within eight weeks of her receipt of the lump-sum payment.

{¶4}  On June 8, 2018, M.C. filed a motion to extend the term of the DVCPO, alleging that Mr. Choudhry had repeatedly violated the terms of the agreed order and posed an immediate danger to the protected parties. Specifically, M.C. alleged that Mr. Choudhry had contacted her in violation of the DVCPO, had failed to comply with the spousal support provisions contained therein, and posed a danger to the protected persons by virtue of various criminal associations. Based on the same representations, M.C. also filed a motion to show cause for contempt. No further proceedings related to those motions occurred for some time, as it appears that Mr.

Choudhry relocated from the United Kingdom to the Akron, Ohio area, and service was perfected upon him on November 20, 2018.

{¶5}    In the meantime, on August 9, 2018, Mr. Choudhry filed a complaint for forcible entry and detainer in the Akron Municipal Court in which he alleged that M.C. had not vacated the premises in accordance with the order of the UK Court.  The parties appeared by telephone for a hearing on August 30, 2018, when counsel informed the municipal court that the parties had reached a resolution and placed the terms on the record.  On September 21, 2018, Mr. Choudhry moved to dismiss his first cause in the eviction case.  The municipal court granted the motion on the same date.  The parties, however, never finalized a written settlement agreement.  On December 3, 2018, Mr. Choudhry moved the municipal court to enforce the settlement agreement pursuant to the terms read into the record on August 30, 2018.  The following day, Mr. Choudhry also filed a motion to enforce the same settlement agreement in the DVCPO case pending in domestic relations court.  In the alternative, he moved to dismiss the pending contempt motion.

{¶6}    M.C. opposed the motion to enforce in the eviction case.  The motion to enforce was referred to a magistrate, who issued a decision on January 24, 2019, that recommended that the municipal court deny the motion and set the second cause for a hearing.  Mr. Choudhry objected to the magistrate's decision.  On April 3, 2019, the municipal court journalized an order that "[found] the Magistrate's Decision to deny [Mr. Choudhry's] Motion to Enforce and/or adopt Settlement agreement is supported by the record[]" and provided that "[t]his Court hereby adopts the Magistrate's Decision."  Mr. Choudhry appealed, but this Court dismissed the appeal because the trial court did not independently enter judgment on the magistrate's decision.  *See Choudhry v. M.F.*, 9th Dist. Summit No. 29391 (May 24, 2019).  One week later, Mr. Choudhry

filed a dismissal of the second cause. On June 14, 2019, the municipal court journalized an order providing that the entire eviction case was dismissed without prejudice.

{¶7} Meanwhile, on May 10, 2019, the domestic relations magistrate issued a decision in the DVCPO case that denied Mr. Choudhry's motion to dismiss, concluded that the domestic relations court did not have "authority to make a determination of the enforcement and/or adoption of an agreement reached in another court[,]"[1] and found Mr. Choudhry in contempt for failure to pay spousal support under the terms of the DVCPO. The magistrate concluded that Mr. Choudhry was in arrears in the amount of $35,048.63 and ordered him to pay attorney's fees of $2,500 in connection with the contempt proceedings. The magistrate sentenced him to ten days in jail subject to purge by payment in full of the attorney's fees by October 31, 2019, and awarded a lump-sum judgment against Mr. Choudhry in the amount of the arrearage. The trial court entered judgment on the same date pursuant to Civ.R. 53(D)(4)(e)(i). Mr. Choudhry filed objections to the magistrate's decision. On March 3, 2020, the domestic relations court overruled Mr. Choudhry's objections with respect to the alleged settlement agreement and the contempt finding but sustained his objections related to attorney's fees.[2] Having sustained Mr. Choudhry's objections related to attorney's fees, the domestic relations court remanded the matter to the magistrate for a hearing on attorney's fees and determination of new purge conditions.

---

[1] It also appears that, in the alternative, the magistrate concluded that "the global agreement reached in Akron Municipal Court was conditional[]" and that "there is no prior judgment or determination for this Court to enforce under the theories of accord and satisfaction or collateral estoppel."

[2] The trial court also sustained several other objections, but noted that they did not bear on the outcome of the matter.

{¶8} M.C. withdrew her request for attorney's fees on June 18, 2020. On July 2, 2020, Mr. Choudhry moved the domestic relations court for reconsideration of its judgment. Three weeks later, on July 21, 2020, the magistrate issued a decision that revised the purge conditions related to the contempt in light of M.C.'s withdrawal of her request for attorney's fees and denied the motion for reconsideration. The domestic relations court entered judgment on the same date pursuant to Civ.R. 53(D)(4)(e)(i). Mr. Choudhry filed objections to the magistrate's decision, and on September 18, 2020, the domestic relations court overruled his objections.

{¶9} While the proceedings were ongoing in the domestic relations court, Mr. Choudhry also instituted a third action: a complaint for declaratory judgment, filed in Akron Municipal Court, that sought declarations "finding the Settlement Agreement to be a binding and enforceable settlement agreement between the parties[]" and "finding that [M.C.] has violated the Settlement Agreement[.]" Mr. Choudhry moved for summary judgment. After the summary judgment briefing was concluded, the municipal court sua sponte ordered the parties to brief "[w]hether a Declaratory Judgment action can be maintained to determine and enforce the rights purportedly garnered in another proceeding[.]" On September 28, 2020, having received the parties' briefs on the issue, the trial court sua sponte granted judgment on the pleadings to M.C.

{¶10} Mr. Choudhry filed two appeals. In C.A. 29859, he appealed the judgment of the domestic relations court that denied his motion to enforce the alleged settlement agreement and found him in contempt. In C.A. 29866, Mr. Choudhry appealed the order of the municipal court that sua sponte granted judgment on the pleadings in the declaratory judgment action. This Court consolidated the appeals for purposes of oral argument and decision. For purposes of this

opinion, this Court addresses the appeals in turn, and some of the assignments of error are rearranged for ease of disposition.

II.

**C.A. 29859**

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT THE PARTIES' ORAL SETTLEMENT AGREEMENT WAS BINDING AND ENFORCEABLE.

**{¶11}** In his first assignment of error in C.A. 29859, Mr. Choudhry argues that the domestic relations court erred by denying his motion to enforce the settlement agreement purportedly reached in the eviction case. This Court does not agree.

**{¶12}** This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Mr. Choudhry's first assignment of error in C.A. 29859 presents a question of law, which this Court considers de novo. *See generally Patterson v. Am. Family Ins. Co.*, 9th Dist. Medina Nos. 20CA0075-M, 20CA0078-M, 2021-Ohio-3449, ¶ 23.

**{¶13}** As an initial matter, it is helpful to clarify the parties' positions with respect to the purported settlement agreement in the eviction case. Mr. Choudhry maintains that the record demonstrates that the parties unequivocally reached agreement, but that M.C. has repudiated the terms of the agreement. Thus, Mr. Choudhry asserts that in moving to enforce the settlement agreement in the domestic relations court, he "merely asked the [domestic relations] [c]ourt to enforce the oral settlement agreement terms as it relates to matters pending *in that court*."

(Emphasis in original.) On this point, however, M.C. does not agree: she maintains that there was no settlement reached in the first instance. Given this divergence, the threshold issue raised by the motion to enforce the settlement agreement was whether the parties reached agreement to begin with.

{¶14} Settlement agreements are highly favored by the law, and trial courts generally have the discretion to encourage and promote settlement. *Infinite Sec. Solutions, L.L.C. v. Karam Properties, II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 16. Consequently, a trial court has the authority to enforce the terms of a settlement agreement reached in a pending case. *Id.* When a settlement has been reached, a trial court may retain jurisdiction to enforce the agreement in the order that dismisses the case. *Id.* at ¶ 25-26, 28-32. *Compare Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-382 (1994). Alternatively, a trial court may incorporate the terms of a settlement agreement into a consent decree, which may be enforced as a judgment of the court. *Infinite Sec. Solutions, L.L.C.* at ¶ 27. *Compare Kokkonen* at 381. In either event, the means of enforcement lies in the trial court case in which the settlement was reached. *See Grace v. Howell*, 2d Dist. Montgomery No. 20283, 2004-Ohio-4120, ¶ 9-11 (describing the means through which a trial court may enforce its own judgments); *Econo Prods., Inc. v. Bedell*, 9th Dist. Summit No. 17117, 1995 WL 553203, *1 (Sept. 20, 1995) (recognizing that a settlement may be enforced in the underlying action by means of a reservation of jurisdiction by the trial court). *See also Davis v. Jackson*, 159 Ohio App.3d 346, 2004-Ohio-6735, ¶ 14 (9th Dist.) (observing that a settlement can be enforced through a motion to enforce "*in the same action* pursuant to Civ.R. 15(E).") (Emphasis added.). Because settlement agreements are contracts, *see Continental W. Condominium Unit Owners Assn. v.*

*Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996), they can also be enforced through "an independent action for breach of contract[.]" *Davis* at ¶ 14. *See generally Kokkonen* at 381.

**{¶15}** When the existence of a settlement agreement is disputed, enforcement of a purported settlement is sought in the underlying case through a motion to enforce the settlement agreement. *See generally Rulli v. Fan Co.*, 79 Ohio St.3d 374 (1997). "Where the meaning of terms of a settlement agreement [are] disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment[]" on a motion to enforce. *Id*. at syllabus. This Court has acknowledged this procedure on numerous occasions. *See*, *e.g.*, *Clark v. Corwin*, 9th Dist. Summit No. 28455, 2018-Ohio-1169, ¶ 2, 4-17; *Teague v. Schmeltzer*, 9th Dist. Summit No. 28618, 2018-Ohio-76, ¶ 3-4, 9-13; *Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 9th Dist. Summit No. 25776, 2012-Ohio-1328, ¶ 2-5, 18-22. This Court has also recognized that the trial court in the underlying case may enforce a disputed agreement without a hearing when the party challenging the agreement "fail[s] to demonstrate a legitimate factual dispute regarding the settlement terms." *Nilsson v. Architron Sys., Inc.*, 9th Dist. Medina No. 10CA0066-M, 2011-Ohio-4987, ¶ 19. In either situation—just as when a trial court retains jurisdiction to enforce a settlement agreement in a dismissed case—resolution of the disputed issues lies with the trial court that is familiar with the underlying claims. *Compare Infinite Sec. Solutions, L.L.C.* at ¶ 25.

**{¶16}** The eviction case filed by Mr. Choudhry is not directly at issue in these appeals. Nonetheless, portions of the record were filed as exhibits in the trial court cases from which these appeals were taken. It appears from those exhibits that the parties, through counsel, informed the municipal court in the eviction case that they had reached a settlement and that counsel outlined the settlement terms on the record. It further appears that disagreement arose

regarding the settlement and that neither a signed agreement nor an agreed dismissal, in any form, resulted. Consistent with the cases referenced above, Mr. Choudhry moved the municipal court in the eviction case to enforce the settlement agreement one day before he also moved the domestic relations court to do so in the context of the contempt proceedings in the DVCPO case. Yet, it must be noted, Mr. Choudhry ultimately abandoned his effort to seek enforcement in the case in which the settlement was purportedly reached by voluntarily dismissing his claims before a final appealable order on the motion to enforce had been entered. Having done so, he cannot seek to enforce a disputed settlement agreement reached in one case by motion filed in a different case pending in a different court. Indeed, although Mr. Choudhry has directed this Court's attention to numerous cases in which we recognized the enforcement of settlement agreements in the underlying case, none of the cases to which he has directed this Court's attention support the proposition that enforcement may be sought by motion in a different case.

{¶17} Contrary to Mr. Choudhry's position that he "merely asked the [domestic relations] [c]ourt to enforce the oral settlement agreement terms as it relates to matters pending *in that court*[,]" the threshold matter before the domestic relations court was whether a settlement agreement existed in the first instance. (Emphasis in original.) This question was appropriately directed not to the domestic relations court in the context of a different case, but to the trial court in the context of the case in which the agreement was purportedly reached—that is, the eviction case. Consequently, the trial court did not err by denying Mr. Choudhry's motion to enforce, and his first assignment of error in C.A. 29859 is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING [MR. CHOUDHRY'S] *OBJECTIONS* BY FAILING TO ACKNOWLEDGE THE UNCONTROVERTED TESTIMONY THAT [MR. CHOUDHRY] HAD WAIVED THE CONDITION PRECEDENT CONTAINED

IN THE PARTIES' ORAL SETTLEMENT AGREEMENT THAT HIS REAL PROPERTY BE LEFT IN "BROOM CLEAN" CONDITION WITHOUT DAMAGE.

{¶18}   In his second assignment of error in C.A. 29859, Mr. Choudhry maintains that because he waived a condition precedent in the settlement agreement, the trial court erred by failing to enforce the terms of the agreement and dismiss the contempt proceeding.   In light of this Court's resolution of his first assignment of error in C.A. 29859, his second assignment of error is moot.   *See* App.R. 12(A)(1)(c).

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY OVERRULING [MR. CHOUDHRY'S] *OBJECTIONS* TO THE MAY 10, 2019 MAGISTRATE'S DECISION REGARDING THE MAGISTRATE'S DENIAL OF HIS RIGHT TO AN EFFECTIVE CROSS-EXAMINATION OF [M.C.] AS BEING 'MOOT' WHEN THERE EXISTED DISPUTED FACTUAL ISSUES AS TO WHETHER THE PARTIES ENTERED INTO A VALID AND BINDING ORAL SETTLEMENT AGREEMENT.

### ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION [BY] OVERRULING [MR. CHOUDHRY'S] *OBJECTIONS* TO THE MAY 10, 2019 MAGISTRATE'S DECISION REGARDING THE MAGISTRATE'S DENIAL OF HIS RIGHT TO AN EFFECTIVE CROSS-EXAMINATION OF [M.C.] AS TO THE CIRCUMSTANCES OF THEIR ORAL SETTLEMENT AGREEMENT WHICH WAS RELEVANT TO DETERMIN[ING] WHETHER THE PARTIES HAD A MEETING OF THE MINDS AS TO THE ESSENTIAL TERMS OF THEIR AGREEMENT.

{¶19}   Mr. Choudhry's fourth and fifth assignments of error in C.A. 29859 argue that the trial court abused its discretion by overruling his objections to the magistrate's exclusion of evidence related to the circumstances surrounding the purported settlement agreement.

{¶20}   It appears that the magistrate limited the scope of Mr. Choudhry's cross-examination of M.C. by excluding testimony related to the existence of the settlement agreement except to the extent that Mr. Choudhry raised the settlement agreement as a defense to contempt.

Given that Mr. Choudhry did not do so and, in fact, that his only defense to the contempt was inability to pay, the magistrate did not permit cross-examination of M.C. related to the purported settlement. In light of this Court's resolution of Mr. Choudhry's first assignment of error in C.A. 29859, any possible error in this regard would be harmless. *See generally* Civ.R. 61; *O'Brien v. Angley*, 63 Ohio St.2d 159, 164-165 (1980).

{¶21} Mr. Choudhry's fourth and fifth assignments of error in C.A. 29859 are overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION OVERRULING [MR. CHOUDHRY'S] *MOTION FOR RECONSIDERATION* BECAUSE [MR. CHOUDHRY] HAD WAIVED PERFORMANCE OF THE PERTINENT CONDITION PRECEDENT.

{¶22} In his third assignment of error in C.A. 29859, Mr. Choudhry argues that the trial court erred by denying his motion for reconsideration because, contrary to the trial court's decision, he did not request reconsideration of a final order.

{¶23} "The Ohio Rules of Civil procedure do not prescribe motions for reconsideration after a final judgment in the trial court." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981), syllabus. Consequently, this Court has reasoned that "such motions are a nullity[]" and "[a]ny order in response to a motion for reconsideration is also a nullity." *Jose v. Jose*, 9th Dist. Summit No. 29633, 2020-Ohio-3953, ¶ 15. On the other hand, "'[i]nterlocutory orders are subject to motions for reconsideration,'" unlike judgments and final orders. *Price v. Carter Lumber Co.*, 9th Dist. Summit No. 24991, 2010-Ohio-4328, ¶ 11, quoting *Pitts* at 379, fn. 1.

{¶24} The trial court's March 3, 2020, order sustained some of Mr. Choudhry's objections and returned the matter to the magistrate for a hearing on attorney's fees and, because the original purge conditions related to payment of those fees, to "set the purge conditions and a purge hearing date in this case as appropriate." Although M.C. later withdrew her request for

attorney's fees, the March 3, 2020, order contemplated further action by the court with respect to the purge conditions and was, therefore, not a final appealable order. *See generally State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4; *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001). On September 18, 2020, however, the trial court overruled Mr. Choudhry's objection with respect to the motion for reconsideration on the basis that "[t]here is no basis in the Rules of Civil Procedure for a Motion to Reconsider a final decision." This rationale was, as Mr. Choudhry maintains, incorrect. Nonetheless, given this Court's resolution of Mr. Choudhry's first assignment of error in C.A. 29859, any error in this regard is harmless. *See generally* Civ.R. 61; *O'Brien*, 63 Ohio St.2d at 164-165.

**{¶25}** Mr. Choudhry's third assignment of error in C.A. 29858 is overruled.

**C.A. 29866**

**ASSIGNMENT OF ERROR NO. 1**

THE [MUNICIPAL COURT] ERRED AS A MATTER OF LAW IN GRANTING ITS OWN MOTION FOR JUDGMENT ON THE PLEADINGS.

**{¶26}** In his first assignment of error in C.A. 29866, Mr. Choudhry argues that the municipal court erred by dismissing his claim for declaratory judgment because a trial court cannot sua sponte grant judgment on the pleadings or, in the alternative, because the municipal court erred by considering matters beyond the pleadings in doing so. This Court agrees in part.

**{¶27}** This Court ordinarily reviews an order granting judgment on the pleadings de novo. *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, ¶ 8 (9th Dist.). When a declaratory judgment is dismissed because it does not present a justiciable

issue,[3] however, this Court must review that determination for an abuse of discretion. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 11-13, citing *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 12-14. "A Civ.R. 12(C) motion for judgment on the pleadings is filed '[a]fter the pleadings are closed' and is akin to a delayed Civ.R. 12(B)(6) motion to dismiss for failure to state a claim." *State ex rel. Perkins v. Medina Cty. Bd. of Commrs.*, 9th Dist. Medina No. 19CA0051-M, 2020-Ohio-3913, ¶ 7, quoting Civ.R. 12(C) and citing *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). "[A] court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). *See also Graham v. Perkins*, 6th Dist. Sandusky No. S-15-008, 2015-Ohio-3943, ¶ 20-21; *Metro v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 100799, 2014-Ohio-3146, ¶ 5 (applying the same analysis to dismissals pursuant to Civ.R. 12(C)).

{¶28} Because the trial court was permitted to sua sponte enter judgment on the pleadings, Mr. Choudhry's argument is not well taken. Mr. Choudhry has not argued that the municipal court provided insufficient notice of its intention, and this Court makes no determination in that regard.

{¶29} Mr. Choudhry has also argued that the trial court erred by considering matters beyond the pleadings in dismissing the declaratory judgment. This Court agrees. "A determination of a motion for judgment on the pleadings is limited to the allegations in the

---

[3] Mr. Choudhry frames the question at hand in terms of justiciability despite the trial court's silence regarding that characterization. This Court makes no determination regarding the ultimate nature of the dismissal.

pleadings and any documents attached and incorporated thereto." *State ex rel. Perkins* at ¶ 7. *See also Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 75-76 (9th Dist.1989). In dismissing Mr. Choudhry's claim for declaratory judgment, however, the trial court relied on the judgment previously rendered in the eviction case. That judgment was not attached or incorporated into the pleadings, nor was the substance of the judgment contained within the pleadings. *Compare State ex rel. Timson v. Shoemaker*, 10th Dist. Franklin No. 02AP-1037, 2003-Ohio-4703, ¶ 24.

{¶30} This Court, therefore, agrees that the trial court erred by considering the judgment in the eviction case when entering judgment on the pleadings. Mr. Choudhry's first assignment of error is sustained solely on that basis.

### ASSIGNMENT OF ERROR NO. 2

THE [MUNICIPAL COURT] ERRED AS A MATTER OF LAW BY RELYING ON AN INTERLOCUTORY ORDER ISSUED IN A PREVIOUS CASE BETWEEN THE PARTIES.

### ASSIGNMENT OF ERROR NO. 3

THE [MUNICIPAL COURT] ERRED IN DISMISSING [MR. CHOUDHRY'S] COMPLAINT ON THE GROUNDS THAT NO VALID AND BINDING SETTLEMENT AGREEMENT EXISTED BETWEEN THE PARTIES.

### ASSIGNMENT OF ERROR NO. 4

THE [MUNICIPAL COURT] ERRED BY APPLYING THE OHIO SUPREME COURT'S DECISION OF *OHIO PYRO, INC. V. OHIO DEPARTMENT OF COMMERCE*, 115 OHIO ST. 3D 375 (2007) TO A NON-FINAL ORDER.

{¶31} In light of this Court's resolution of his first assignment of error in C.A. 29866, his second, third, and fourth assignments of error are moot. *See* App.R. 12(A)(1)(c).

III.

**{¶32}** Mr. Choudhry's first, third, fourth, and fifth assignments of error in C.A. 29859 are overruled. His second assignment in C.A. 29859 is moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

**{¶33}** Mr. Choudhry's first assignment of error in C.A. 29866 is sustained in part, and his remaining assignments of error in C.A. 29866 are moot. The judgment of the Akron Municipal Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in C.A. 29859,
and judgment reversed and
cause remanded in C.A. 29866.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution, and, in case no. 29866, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to the appellant in C.A. No. 29859.  Costs taxed to the appellee in C.A. No. 29866.

 

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JONATHAN A. RICH and CHRISTOPHER R. REYNOLDS, Attorneys at Law, for Appellant.

TROY A. MURPHY, Attorney at Law, for Appellee.